# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 4, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | Unpublished |
| VIRGINIA ROSSITER, | * | |
| | * | No. 20-1888V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal Decision; |
| AND HUMAN SERVICES, | * | Insufficient Proof. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Andrew D. Downing,* Downing, Allison & Jorgenson, Phoenix, AZ, for petitioner.
*Naseem Kourosh,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DISMISSAL DECISION[1]

On December 7, 2020, Virginia Rossiter ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1) Petitioner initially filed her petition *pro se*. Petitioner alleged that as a result of receiving a covered influenza ("flu") vaccine and an uncovered Shingrix (Shingles) vaccine on September 10, 2018, she suffered from Sudden Sensorineural Hearing Loss. Petitioner's ("Pet.") Motion for Dismissal ("Mot.") (ECF No. 35). The information in the record does not establish entitlement to compensation.

On February 3, 2022, I held a status conference with petitioner and recommended that she seek an attorney who is familiar with the Vaccine Program to assist her with her claim. Scheduling Order (ECF No. 24). On February 22, 2022, petitioner filed a motion to substitute counsel and Mr. Andrew Downing entered his appearance on behalf of petitioner. Pet. Motion to Substitute Counsel (ECF No. 25).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On May 3, 2022, petitioner filed a status report stating that "petitioner acknowledges receipt of a covered and an uncovered vaccination and needs to differentiate vaccination through expert testimony," and requested a sixty-day deadline to file an expert report. Pet. Status Report (ECF No. 28). The Court ordered petitioner to file the outstanding medical records and a supplemental statement of completion. Scheduling Order (Non-PDF, May 4, 2022).

On September 24, 2022, petitioner filed updated medical records and re-filed previously filed exhibits. Pet. Exs. 1-7. Petitioner filed a report from Dr. David Axelrod on October 27, 2022 to address vaccine causation. Pet. Ex. 8 (ECF No. 34).

On November 3, 2022, petitioner filed a motion for a decision dismissing the petition. Pet. Mot. Petitioner states, "An investigation of the facts and science supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Pet. Mot. at ¶ 1. Further, petitioner states that, "The primary issue was not whether vaccination generally could cause Sudden Sensorineural Hearing Loss, but which vaccination that petitioner received was the trigger. This is due to the fact that she received a covered vaccine ("influenza") and an uncovered vaccine (shingles) on the same date." *Id.* Petitioner states that "to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program." *Id.* at ¶ 2. Petitioner understand that a decision by the Special Master dismissing her petition will result in a judgment against her and that she has been advised that such a judgment will end all of her rights in the Vaccine Program. *Id.* at ¶ 3. Further, petitioner understands that she may apply for attorneys' fees and costs once her case is dismissed and judgment is entered against her. *Id.* at ¶ 4. Petitioner also understand that respondent reserves the right, pursuant to § 300aa-15(e), to question the good faith and reasonable basis of her claim and to oppose, if appropriate, her application for fees and costs. *Id.* Petitioner intends to protect her right to file a civil action in the future. *Id.* at ¶ 5.

To received compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§13(a)(1)(A); 11(c)(1). In this case, petitioner was alleging an off-Table injury therefore must demonstrate that the covered vaccine she received caused her alleged vaccine-related injury. Petitioner filed an expert report from Dr. David Axelrod, who stated that petitioner developed "autoimmune sensorineural hearing loss," and determined that either the covered flu vaccine or the uncovered Shingrix vaccine could have caused petitioner's autoimmune condition. Pet. Exhibit ("Ex.") 8. Further, petitioner stated in her motion that "there was no way medically or scientifically to demonstrate that the influenza (covered) vaccination was more likely than not the culprit" for petitioner's alleged injury. Pet. Mot. at ¶ 1. As petitioner cannot received compensation on a claim based on a non-covered vaccine through the Vaccine Program, and the opinion of the medical expert does not support vaccine causation, this case must be dismissed. *See e.g. Cielencki v. Sec'y of Health & Human Servs.,* No. 15-632V, 2015 WL 10767150, at *3 (Fed. Cl. Spec. Mstr. Dec. 22, 2015) (dismissing petition that involves Pneumovax).

Petitioner's motion for a decision dismissing her petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master
