# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 10, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| VIRGINIA ROSSITER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 20-1888V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Andrew D. Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.
*Naseem Kourosh*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 16, 2022, Virginia Rossiter ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 40). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$15,776.58**.

I. **Procedural History**

On December 7, 2020, Petitioner filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble. (ECF No. 1). Petitioner alleged that as a result of receiving a covered influenza vaccination and an uncovered Shingrix vaccination on September 10, 2018, she suffered from Sudden Sensorineural Hearing Loss. On November 3, 2022, Petitioner

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

filed a motion for a decision dismissing her petition and on November 4, 2022, I issued my decision dismissing the petition for insufficient proof. (ECF No. 36).

On November 16, 2022, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $15,647.58, representing $11,779.50 in attorneys' fees and $3,868.08 in costs. Fees App. at 3. Pursuant to General Order No. 9, Petitioner warrants she personally incurred costs totaling $402.00 in pursuit of her claim. *Id.* Respondent filed his response on November 16, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 41). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, although the petition was eventually dismissed, I find that good faith and reasonable basis have been satisfied. Respondent has also indicated that he is satisfied that good faith and reasonable basis have been met. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following rates for the work of her counsel: for Andrew Downing, $415.00 or $445.00 per hour for work performed in 2022; for Ms. Courtney Van Cott, $325.00 per hour for work performed in 2022, and for Ms. Ann Allison, $415.00 per hour for work performed in 2022. These rates are consistent with what counsel have previously been awarded in the Vaccine Program with the exception of Mr. Downing's rate after he changed firms in 2022, which exceeds what he previously billed at for work in 2022 (including in the instant case). I will therefore apply an hourly rate of $415.00 per hour to all of Mr. Downing's 2022 work, resulting in a reduction of $273.00

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$11,506.50**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $3,868.08. This amount is comprised of acquiring medical records, postage, and work performed by Petitioner's medical expert, Dr. David Axelrod. Fees App. at 10. All of these costs are typical of Vaccine Program litigation, are reasonable in my experience, and have been supported by Petitioner with adequate documentation. Accordingly, Petitioner is awarded the full amount of costs requested.

### c. Petitioner's Costs

Pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs of $402.00 for the Court's filing fee. This cost is reasonable and shall be fully reimbursed.

### III. Conclusion

**Accordingly, I award the following:**

1) **a lump sum in the amount of $15,374.58, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Andrew Downing;[3] and**

2) **a lump sum in the amount of $402.00, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).